UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:05-cr-30022-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| LANCE TAYLOR HUGGINS, | |
| Defendant. | |

AIKEN, Chief Judge:

Defendant, appearing *pro se*, moves to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. The motion is denied.

BACKGROUND

On May 17, 2006, defendant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On August 10, 2006, the court sentenced defendant to the mandatory minimum sentence of 180 months imprisonment pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Defendant was

1   - OPINION AND ORDER

subject to the mandatory minimum sentence due to three prior convictions that constitute violate felonies within the meaning of the statute. Id. These felonies included first-degree burglary, third-degree assault, and third-degree robbery.

On October 9, 2012, defendant filed the instant motion.

## DISCUSSION

Defendant seeks to vacate his sentence under § 2255, arguing that he is "innocent of all charges" because his prior convictions should not have been considered predicate violent felonies under the ACCA. However, the statute of limitations for bringing a § 2255 motion has long passed, and defendant's motion is barred. See 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section.").

Defendant nonetheless asks this court to apply equitable tolling on grounds that a recent change in law excuses the untimeliness of his motion. However, the cases on which he relies do not support his argument. The Supreme Court case of Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010) involved different facts and predicate convictions and was issued more than one year before defendant filed his motion. Further, the Fourth Circuit case cited by defendant is not controlling in this circuit and also involved vastly different facts. United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Therefore, these cases do not allow this Court to consider defendant's untimely motion.

2    - OPINION AND ORDER

CONCLUSION

Defendant's Motion Under 28 U.S.C. § 2255 (doc. 21) is DENIED. Because defendant's motion is time-barred, his motions for appointment of counsel and for discovery (docs. 24, 31, 34, 36) also are DENIED.

IT IS SO ORDERED.

Dated this 19th day of March, 2013.

_____
Ann Aiken
United States District Judge

3    - OPINION AND ORDER